[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON CONSTITUTIONAL CHALLENGE TO C.G.S. 52-278 (A)
The Plaintiff M L Building seeks to attach assets of the Defendant in excess of $2,000,000 pursuant to C.G.S. 52-278(a) et seq. (prejudgment remedy act). Defendant challenges the constitutionality of the act, and the parties agreed that this challenge should be preliminarily determined prior to the evidentiary hearing.
The issues presented are; 1) Is C.G.S., 52-278 (a) et. seq. unconstitutional because it fails to require the Plaintiff to post a bond.; 2) Is C.G.S. 52-278 (a) et seq.'s probable cause standard unconstitutionally vague 3) Is M L entitled to pursue the PJR remedy after assigning its interest to its surety National Grange Mutual Insurance Company.
FACTS CT Page 1597
The underlying transaction that is this basis for this action revolves around a contract of construction between M 
L Building and CNF Industries, began construction on CNF Industries's new headquarters in Meriden. CNF Industries terminated M L Building's employment in August of 1991. National Grange Mutual Insurance Company (hereinafter "National Grange") issued a Performance Bond and a Payment Bond to guaranty M L Building's performance under the contract. M L Building claims that the defendant wrongfully terminated their services and breached the construction contract. CNF Industries claims that M L Building breached the contract and therefore the termination was correct.
This action was commenced by the plaintiffs, M L Building Corporation and National Grange, with the filing of an Application for Prejudgment Remedy in the Judicial District of Hartford-New Britain at Hartford. The action was subsequently transferred to this judicial district. Prior to the institution of this action the defendant filed a claim with the American Arbitration Association (AAA) and demanded arbitration. That action is still pending before AAA.
The plaintiff, M L Building, is now seeking to attach assets of the defendant in excess of $2,000,000 pursuant to Gen. Stat. sec. 52-278 (a) et seq. (hereinafter the "PJR Act"). The defendant has objected to the plaintiff's request to go forward and has raised two constitutional challenges to the Connecticut Prejudgment Remedy Act. The first challenge is that the PJR Act is unconstitutional because it fails to require the plaintiff to post any type of bond before the attachment will take place. The second challenge is that the probable cause standard is unconstitutionally vague. The defendant also claims that M L Building should not be to proceed with the attachment.
DISCUSSION
"The challenge of any state statute on constitutional grounds imposes a difficult burden on the challenger. We have consistently held that every statute is presumed to be constitutional and have required invalidity to be established beyond a reasonable doubt." Heslin v. Connecticut Law Clinic of Trantolo Trantolo, 190 Conn. 510, 522, 461 A.2d 938
(1983).
The basis for the defendant's claim that the PJR Act is unconstitutional is found in the United States Supreme Court's decision Connecticut v. Doehr, 501 U.S. ___, 115 CT Page 1598 L.Ed.2d 1, 111 S.Ct. 2105 (1991) (hereinafter Doehr), and the recent superior court decision in Republic National Bank of New York v. Hill, 5 Conn. L. Rptr 209, (Judicial District of Stamford at Stamford, Dean, J., November 25, 1991) (hereinafter "RNB"). As previously mentioned the two constitutional grounds the defendant raises are that: 1. the lack of bond requirement makes the PJR Act unconstitutional and 2. the probable cause standard is unconstitutionally vague.
I. Bond Requirement
The defendant claims that the PJR Act is unconstitutional because it would deprive them of due process by failing to require the plaintiffs to post a bond or other security prior to attaching their property. The defendant relies exclusively on the court's decision in Doehr.
In Doehr four justices addressed the question of whether a bond was required before attachment could occur. Doehr, supra, 2116. (All cites to Doehr are from West's Supreme Court Reporter.)
While four justices found that a bond is required before attachment can occur to meet due process requirements, a majority of the court did not reach the issue. Chief Justice Rehnquist, in his incurring opinion in Doehr, stated:
 The two elements of due process with which the Court concerns itself in Part IV the requirement of a bond and of "exigent circumstances" — prove to be upon analysis so vague that the discussion is not only unnecessary, but not particularly useful. . . We should await concrete cases which present questions involving bonds and exigent circumstances before we attempt to decide when and if the Due Process Clause of the Fourteenth Amendment requires them as prerequisites for a lawful attachment.
Doehr, supra, 2122-2123. It is submitted that the court's discussion in Doehr on the need for the posting of a bond is not joined by a majority of the court and is in the form of an advisory opinion as discussed by Chief Justice Rehnquist. Therefore, it is submitted, that any discussion of the bond requirement in Doehr is dicta and not controlling in this case. The defendant cites no other case law that would demonstrate that a bond would be required before attachment could occur under the PJR Act. In accordance with Heslin, supra, the defendant has failed to establish beyond a reasonable doubt that the PJR Act is unconstitutional because CT Page 1599 it fails to require a bond or security before attachment can occur.
II. PROBABLE CAUSE STANDARD
The second claim of the defendant is that the probable cause standard of the PJR Act is unconstitutionally vague. The basis for the defendant's claim again lies in the court's decision in Doehr and it subsequent application in RNB. The crux of the defendant's argument is that the probable cause standard is too vague and therefore any application of it would violate the defendant's due process rights.
Our supreme court has defined probable cause under the PJR Act as follows:
 The legal idea of probable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. Probable cause is a flexible common sense standard. It does not demand that belief be correct or more likely true than false. The hearing in probable cause for the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiff's claim. The plaintiff does not have to establish that he will prevail only that there is probable cause to sustain the validity of the claim. The court's role in such a hearing is to determine probable success by weighing probabilities. (cites omitted)
New England Land Co., Ltd. v. DeMarkey, 213 Conn. 612, 620,569 A.2d 1098 (1990). The defendant, relying on Doehr, argues that whether the above standard is applied or some other standard is applied, the PJR Act's probable cause standard would be unconstitutionally vague.
The defendant quotes extensively from the Doehr decision, in particular, a passage in which the court states that "what ever probable cause means in this context, however, remains obscure." Doehr, supra, 2113. This is also the language that the court in RNB relies on in finding the PJR Act unconstitutional. In RNB, the court reasoned that if the judge has no clear definition of probable cause it is impossible for the judge to determine probable cause. RNB, supra, 211.
The court in Halloran v. Byington, 5 Conn. L. Rptr. 161, (Judicial District of New Haven Bridgeport, Spear, J. October CT Page 1600 30, 1991), came to the opposite conclusion. In Halloran, the court concluded that:
 The court agrees with the plaintiff that the Doehr court's discussion of Connecticut's probable cause standard is dicta. The court was not called upon to decide whether the probable cause standard as interpreted by the Connecticut Supreme Court violated federal due process. Rather the Doehr court had to determine if ex parte real estate attachments, absent exigent circumstances, were an unconstitutional deprivation of property under any Connecticut standard of review of the documents presented in support of the application for attachment.
Halloran, supra, 162. This appears to be the better interpretation of the court's decision in Doehr. In Doehr the court ultimately held that Conn. Gen. Stat. sec.52-278e(a)(1), the section that allowed for attachment without a hearing, was unconstitutional. Doehr, supra, 2119. No where did the court hold that the PJR Act was unconstitutional because the probable cause standard was unconstitutionally vague. The court in RNB relied on dicta from Doehr to find the PJR Act unconstitutional.
The probable cause standard of the PJR Act is not constitution vague. The discussion of the probable causes standard in Doehr is merely dicta as pointed out by Chief Justice Rehnquist and the court in Halloran. Probable cause has a clearly understood meaning, see New England Co., supra. The defendant has failed to demonstrate beyond a reasonable doubt that the PJR Act's probable cause standard is unconstitutionally vague.
III. Assignment and duplication
The final claim of the defendant is two fold. First the defendant claims that the plaintiff, M L Building, has assigned their rights to the plaintiff, National Grange, and therefore M L Building has no standing to proceed with the attachment. The second claim is that the plaintiffs seek multiple attachment for the same claim.
The defendant claims that M L Building assigned it's rights to National Grange and that M L building has no remaining rights on which to proceed with its application for prejudgment attachment. M L Building claims that no assignment of the claim has taken place. M L Building has not assigned their rights to National Grange, but pursuant to a contract between the two plaintiffs, M L Building has CT Page 1601 agreed to indemnify National Grange for any losses suffered as a result of any payments made on the Payment Bond. See copy of the General Agreement of Indemnity attached to Plaintiffs' Application for Prejudgment Remedy and Disclosure of Assets, labeled Exhibit A. The plaintiff, M L Building, should be allowed to proceed with its prejudgment remedy.
The second claim of the defendant is that the plaintiffs are seeking multiple attachments for the same claim. Presently only M L Building is going forward with the prejudgment attachment. National Grange has not pursued their claim. This objection is not ripe at this time and should be addressed when and if National Grange chooses to pursue the prejudgment attachment.
CONCLUSION
The PJR Act is constitutional. The failure of the act to provide for the posting of a bond or other security does not render the act unconstitutional. The probable cause standard of the PJR Act is not unconstitutional. The probable cause standard of the PJR Act is not unconstitutionally vague. M L Building has not assigned its rights to National Grange and therefore they should be allowed to proceed with their motion for prejudgment attachment. There is no duplication of attachment as National Grange has not chosen to go forward with its application for the above stated reasons the court denies the defendant's challenge to the PJR Act's constitutionality and allow M L Building to pursue prejudgment attachment.
McWEENY, J.